ORDER DENYING MOTION FOR RECONSIDERATION
DANIEL A. RAAS, Chief Justice.
On May 15, 2014, Appellant timely filed a motion for reconsideration of this Court’s Opinion of May 12, 2014 in this proceeding. The argument Appellant makes is, at bottom, not whether the Dismissal Notice is the required “memorandum” documenting the end of the CED investigation, TTC 9.10.940(9), but that the investigation was concluded many weeks earlier and that calling the Dismissal Notice the required “memorandum” is a cover-up to avoid the requirement of documenting and making a decision within 25 days of concluding the investigation. There is not convincing evidence that was called to our attention that supports that theory. Instead, Appellant focuses on the time gap between the conclusion of the police investigation and the issuance of the Dismissal Notice to imply that the investigation was really concluded earlier. The briefing emphasizes that the CED personnel who were doing or would have had knowledge of the investigation couldn’t pin down exact dates. From this, Appellant concludes that the investigation was completed more than 25 days before the Dismissal Notice was dated. Thus, she argues, the Employment Court could not have concluded that the Dismissal Notice was timely or that it was the required “memorandum.” The Employment Court found this fact against Appellant, and, on appeal, Appellant needed to overcome this finding made by the Employment Court. The Employment Court was able to observe the witnesses, listen to their testimony and make a firsthand determination of the weight which their testimony should be given. Appellant has failed to establish that the Employment Court’s ruling was arbitrary, capricious, or unsupported by substantial evidence.
Accordingly, Appellant’s motion for reconsideration is denied.
It is so ordered.